UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE A. JONES, et al.,

     Plaintiffs,

v.

CITY OF DETROIT, et al.,

     Defendants.

Case No. 26-cv-10830

Honorable Robert J. White

---

**OPINION AND ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

---

Blake A. Jones and "American Taliban, LLC" ("Jones," collectively) commenced what appears to be a 42 U.S.C. § 1983 action against the City of Detroit and the Wayne County Probate Court. Before the Court is their *pro se* application to proceed *in forma pauperis*. (ECF No. 5). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

     (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Jones's substantive claims fail as a matter of law.  His causes of action under the federal hate crimes statute (18 U.S.C. § 249) and the Health Insurance Portability and Accountability Act ("HIPAA") (42 U.S.C 1320d-6) cannot proceed because there is no private right of action to enforce those provisions.[1] *See Goemaere v. Tiell*, No. 19-10839, 2020 U.S. Dist. LEXIS 5046, at *10 (E.D. Mich. Jan. 13, 2020); *Moreland v. U.S. Post Office Gen.*, No. 14-13147, 2015 U.S. Dist. LEXIS 64411, at

---

[1] Insofar as Jones seeks to maintain a private right of action under Mich. Comp. Laws §§ 780.314, 318, the Court declines to exercise supplemental jurisdiction over that claim because it "raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

*8 (E.D. Mich. May 18, 2015) (ruling that "federal hate crime laws do not provide a private cause of action."); *see also Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (no private right of action under HIPAA); *Green v. Inge*, No. 10-12804, 2010 U.S. Dist. LEXIS 81459, at *8 (E.D. Mich. Aug. 11, 2010) (same).

Nor does Jones allege sufficient facts to show that the City or Wayne County Probate Court violated HIPAA, a statute that prohibits the wrongful disclosure of individually identifiable health information. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up).

Even placing aside these deficiencies, the Wayne County Probate Court is immune from suit under the Eleventh Amendment to the United States Constitution because it is an arm of the State of Michigan. *See Engels v. McDonald*, No. 96-1676, 1997 U.S. App. LEXIS 25316, at *3 (6th Cir. Sep. 15, 1997) (holding that "the Wayne County Probate Court . . . is a branch of the state and, therefore, is entitled to Eleventh Amendment immunity."). And the claims against the City lack merit because Jones does not identify an official "policy or custom" that violates his federal constitutional or statutory rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Accordingly,

IT IS ORDERED that Jones's application for leave to proceed *in forma pauperis* (ECF No. 5) is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Jones may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that Jones's motion for summary judgment (ECF No. 6) is denied as moot.

Dated: April 9, 2026                    s/ Robert J. White
                                        Robert J. White
                                        United States District Judge